IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-21-H

| | |
|---|---|
| CLASSIE REELS CURLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ADAMS CREEK ASSOCIATES, ) | |
| BILLIE DEAN BROWN, and ) | |
| GEORGE H. ELLINWOOD, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's motion to stay [DE-70] and motion to amend the motion to stay [DE-73]. Defendants filed a response to the motion to stay [DE-71] and though they have not filed a response to the motion to amend, the time for responding has passed. Thus, both matters are presently ripe for review.

## STATEMENT OF THE CASE

Plaintiff Classie Reels Curley ("Plaintiff") filed her original complaint in this action to quiet title and for declaratory judgment on February 8, 2008 [DE-1]; an amended complaint was filed on April 16, 2009 [DE-23] incorporating an adverse possession claim. Defendants Adams Creek Associates, Billie Dean Brown, and George H. Ellinwood (collectively "Defendants") filed a Motion for Summary Judgment [DE-30] on June 12, 2009, which was granted by an order of Senior Judge Howard [DE-65] on March 29, 2010. On April 23, 2010, Plaintiff filed a Notice of Appeal [DE-67], and on May 27, 2010 filed a Motion to Stay [DE-70] pending that appeal. Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Stay [DE-71] on June 7,

2010. Subsequently, Plaintiffs filed a Motion to Amend their Motion to Stay [DE-73] on June 24, 2010 and a Memorandum in Support of their Motion to Stay [DE-76] on June 28, 2010.

Plaintiff's motion to stay sought "an order staying execution of, or any proceedings to enforce the judgment entered against [her]," pending the final disposition of her appeal.[1] Pl.'s Mot. to Stay at 1 [DE-70]. Plaintiff asserts that Melvin Davis ("Davis") and Licurtis Reels ("Reels"), the persons presently residing on the real property situated on Adams Creek in Carteret County that is the subject of this action ("the Waterfront Property" or "the Property"), are residing there at the behest of Plaintiff and with her permission. She further asserts that removal of Davis and Reels from their homes and the subsequent destruction of those homes would cause both a severe diminution in the value of the Property as well as a severe hardship to Plaintiff herself. *Id.*

In their memorandum in opposition, Defendants argue that: (1) Plaintiff's motion to stay violated Local Civil Rule 7.1(d), having not been accompanied by either a supporting memorandum or any type of verification; (2) Plaintiff is not substantially likely to prevail on the merits of her appeal; (3) Plaintiff has not shown that she will suffer irreparable harm if the stay is not granted; (4) Defendants *will* suffer substantial harm if the stay is granted; and (5) a stay would not promote the public interest. Def.'s Mem. in Opp'n at 3-8 [DE-71].

Apparently in response to Defendants' first argument, Plaintiff's subsequent motion to amend modified the motion to stay by adding a verification sheet sworn to by Plaintiff. In

---

[1] On March 29, 2010 Senior Judge Howard entered an order disposing of all three of Plaintiff's claims for relief. Though the matter was before the Court on Defendants' motion for summary judgment, the order granted Defendants' earlier motion to dismiss as to Plaintiff's first two claims—to quiet title and for declaratory judgment—for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The order then granted summary judgment for Defendants as to Plaintiff's third claim of adverse possession. Order Granting Summ. J. at 11-13 [DE-65]. The practical result for Defendants was an additional affirmation of their uncolored ownership interest in the Property and their resulting freedom to do with it what they wished.

2

addition, shortly after the filing of the motion to amend, Plaintiff filed a memorandum in support of the original motion to stay. In this memorandum, Plaintiff argues specifically that: (1) she is entitled to exhaust her appeal rights and, until such time as they have been exhausted, the status quo of the Property must be maintained; (2) the District Court is prevented from taking any action that would alter the status of the case as it rests before the Court of Appeals subsequent to her notice of filing of appeal, because jurisdiction over all matters from which the appeal is taken has been transferred to Court of Appeals; (3) there is a substantial likelihood that she will prevail on the merits, despite the fact that summary judgment was entered in favor of Defendants; and (4) "[t]he public interest is served when North Carolina citizens are given equal protection under the law." Pl.'s Mem. in Supp. at 1-5 [DE-76].

## STANDARD OF REVIEW

Federal Rule of Appellate Procedure 8(a) provides that a party wishing to request a stay of a district court judgment in the Court of Appeals first must request the stay in district court. Fed. R. App. P. 8(a)(1)(A). In district court, Federal Rule of Civil Procedure 62 provides for several methods of requesting a stay. For example, a party requesting a stay under Rule 62(d) is entitled to a stay as a matter of right upon posting of a supersedeas bond. Fed. R. Civ. P. 62(d). However, a party requesting a stay under Rule 62(c) is *not* entitled to a stay as a matter of right; rather, Rule 62(c) allows a district court, *within its discretion*, to stay the execution of a judgment pending appeal. Fed. R. Civ. P. 62(c). "In determining whether to grant a stay [under Rule 62(c)], the court must balance: '(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested

3

in the proceeding; and (4) where the public interest lies.'" *Richardson v. North Carolina*, No. 5:07-HC-2099-FL, 2008 WL 2397309 at *1 (E.D.N.C. Jun. 12, 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). With respect to these four factors, the party requesting the stay bears the burden of persuasion. *Id.* (citing *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)).

## DISCUSSION

### A. Plaintiff's Motion to Amend the Motion to Stay

Plaintiff has requested to amend her motion to stay by adding a verification sheet, ostensibly in response to Defendants' contention that the motion was improperly filed without verification. The Court notes that Plaintiff has improperly requested leave to amend her motion to stay under Federal Rule of Civil Procedure 15(a), which covers only the amendment of pleadings. However, in the interest of completing the record before it in its ruling on the motion to stay, the Court will grant Plaintiff's motion to amend.

### B. Plaintiff's Motion to Stay

#### 1. District Court's authority to grant or deny motion to stay

As a preliminary matter, Plaintiff repeatedly argues that this Court has no authority to grant or deny a stay in this case, jurisdiction over all matters having been transferred to the Court of Appeals. Plaintiff's reliance on cases such as *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) for the proposition that a district court may not take any action after the filing of a notice of appeal is misplaced. Neither *Griggs* nor any of the other cases Plaintiff cites had anything whatsoever to do with the District Court's authority to rule on a motion to stay. In fact, Federal Rule of Appellate Procedure 8(a) itself provides that a party wishing to request a stay of a district court judgment in the Court of Appeals *first must request the stay in district court*. Fed.

4

R. App. P. 8(a)(1)(A). Accordingly, this Court has the authority to grant or deny Plaintiff's motion to stay in this case. If unsatisfied with this Court's ultimate findings, Plaintiff is free to appeal this Court's decision to the Court of Appeals, as provided for in Rule 8(a)(2)(A)(ii).

### 2. District Court's discretion to grant or deny motion to stay

Also as a preliminary matter, Plaintiff argues that this Court must grant her request for a stay as a matter of right. This is not the case, and Plaintiff's reliance on *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theaters, Inc.*, 87 S.Ct. 1, 17 L.E. 2d 37 (1966) (mem.), for such a proposition is in error. *American Mfrs.* dealt with a motion to stay under Federal Rule of Civil Procedure 62(d). Motions to stay requested under Rule 62(d) are, in fact, granted as a matter of right; however, this is so because such motions are backed by the movant's posting of a supersedeas bond. *See e.g. Southeast Booksellers' Ass'n v. McMaster*, 233 F.R.D 456, 457-59 (D.S.C. 2006); *Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 193-94 (W.D.N.C. 2000). When no such bond is posted, whether to grant a motion to stay is within the discretion of the court, as provided for by Federal Rule of Civil Procedure 62(c). Fed. R. Civ. P. 62(c) ("the court *may* suspend, modify, restore, or grant an injunction") (emphasis added); *see also Richardson*, 2008 WL 2397309 at *1. Here, Plaintiff did not specify under which subsection of Rule 62 she was requesting relief. However, because she has not posted a supersedeas bond or any other form of security, the Court treats her motion as one under Rule 62(c) and, accordingly, will grant or deny her motion at its discretion.

### 3. Compliance with Local Civil Rule 7.1(d)

Local Civil Rule 7.1(d) states that "all motions made other than in a hearing or trial shall be filed with an accompanying supporting memorandum in the manner prescribed by Local Civil

5

Rule 7.2(a). Where appropriate, motions shall be accompanied by affidavits or other supporting documents." Local Civil Rule 7.1(d). Here, as Defendants point out, Plaintiff failed to file either a supporting memorandum or appropriate verification with her motion to stay.

As to the first defect, though Plaintiff did in fact fail to file a supporting memorandum *with* her motion to stay, she did later file one with the Court. So as to make its determination on the motion to stay with the benefit of all of Plaintiff's arguments, the Court will assume, without deciding, that Plaintiff's tardy filing of a supporting memorandum was sufficient to cure the defect under Local Civil Rule 7.1(d). As to the second defect, because the Court has decided to grant Plaintiff's motion to amend, the motion to stay's lack of appropriate verification under Local Civil Rule 7.1(d) is no longer an issue. *See* Section A, *supra*. Accordingly, the Court finds that, for purposes of its ruling on the motion to stay, Plaintiff's motion complied appropriately with Local Civil Rule 7.1(d).

### 4. Analysis of the *Hilton* factors

As discussed more fully in Section B(2), *supra*, in determining whether Plaintiff's motion to stay should be granted, the Court is entitled to exercise its discretion. "In exercising this discretion, the court should consider the 'traditional stay factors' while recognizing that these factors 'contemplate individualized judgments,' and thus, 'the formula cannot be reduced to a set of rigid rules.'" *McAllister v. Hunter*, No. 5:07-CV-64, 2010 WL 56021 at *1 (Jan. 4, 2010 W.D.N.C.) (quoting *Hilton*, 481 U.S. at 777). The four traditional stay factors (commonly referred to as the "*Hilton* factors") are (1) the movant's likelihood of success on the merits; (2) the existence of irreparable injury to the movant absent a stay; (3) the possibility of substantial injury to the other parties if a stay is issued; and (4) a consideration of where the public interest

6

lies. Thus, the Court will consider these four *Hilton* factors in turn, while bearing in mind that other considerations may come into play.

### i. Plaintiff's likelihood of success on the merits

The first *Hilton* factor is "whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits." *Hilton*, 481 U.S. at 776. Defendants argue that Plaintiff is not substantially likely to prevail on the merits of her appeal because her appeal—and in fact, her entire federal action—is merely an attempt to seek review of a prior state court decision by a federal court. Citing to this Court's order entering summary judgment in their favor, Defendants assert that the *Rooker-Feldman* doctrine applies because, "[t]o grant Plaintiff the relief she seeks 'would require review and reversal of the Torrens Act proceeding and the resulting Decree of Registration,' including the determination that plaintiff was not properly served." Defs.' Mem. in Opp'n at 5 (citing Order Granting Summ. J. at 11). Plaintiff's only response appears to be that there is a substantial likelihood she will prevail on appeal because there are "material facts" which should have enabled her to avoid a motion for summary judgment in the first place. Pl.'s Mem. in Supp. at 4. Additionally, she points out that success on a motion for summary judgment is not final and a loss is not necessarily fatal. *Id.* However, Plaintiff does not elaborate on the specifics of these "material facts" or offer any further argument as to why she might prevail on appeal.

The Court finds that the prior order by this Court granting summary judgment in favor of Defendants, though not fatal as Plaintiff correctly points out, weighs heavily in favor of Defendants' likelihood of success on appeal. In addition, even if there are "material facts" that might entitle Plaintiff to relief on appeal, she, as the party requesting the stay, has not fulfilled

7

her burden of persuasion in presenting those facts to the Court. Accordingly, the Court finds that Plaintiff has not made a "strong showing that [s]he is likely to succeed on the merits."

### ii. Injury to Plaintiff if motion to stay is denied

The second *Hilton* factor is "whether the applicant will be irreparably injured absent a stay." *Hilton*, 481 U.S. at 776. Defendants argue that Plaintiff does not live on the Waterfront Property herself and has no contractual arrangements with those persons that do, Davis and Reels. Defs.' Mem. in Opp'n at 6-7. Thus, Defendants believe that she has not shown that she, as opposed to Davis and Reels, will suffer any irreparable injury if Davis and Reels are forced to vacate so that the Property can be developed. In addition, Defendants point out that removing the houses and clearing the land would arguably, if anything, enhance the value of the Property. *Id.* Plaintiff contends that Davis and Reels are "presently living in those homes at the behest of Plaintiff" and "with her permission." Pl.'s Mot. to Stay at 1. Therefore, she claims, "[a]ny action that would require the removal of these persons from their homes and the subsequent destruction of said homes would cause a severe diminution in the value of the Property," and any clearing or preparing of the property for new construction would cause a "severe hardship to Plaintiff" should she prevail on appeal. *Id.*

The Court finds that, besides her unsupported assertion that removing Davis and Reels and their homes would cause a severe diminution in value of the Property and "severe hardship" to her, Plaintiff has not offered any evidence that she will be harmed by Defendants' attempts to develop the property. In fact, it seems to the Court that any "hardship" that would ensue would be to Davis and Reels, as Plaintiff would not be forced to move herself or lose any income or benefit that the Court is aware of. The injury Plaintiff seems to be suggesting—a personal

8

objection to having Davis and Reels disturbed in their gratis use of "her" property—is not irreparable. Furthermore, the Court is inclined to agree with Defendants that, even assuming *arguendo* that Plaintiff might succeed on appeal, any efforts undertaken by Defendants to prepare the Property for development would in fact enhance the value of the Property. Thus, since Plaintiff has not shown that she *personally* will suffer any irreparable injury if Davis and Reels are forced to vacate, she, as the party requesting the stay, has not fulfilled her burden of persuasion in presenting those facts to the Court. Accordingly, the Court finds that Plaintiff has not shown that she will be "irreparably injured absent a stay."

### iii. Harm to Defendants if stay is issued

The third *Hilton* factor is "whether issuance of the stay will substantially injure the other parties interested in the proceeding." *Hilton*, 481 U.S. at 776. Defendants argue that, if the motion to stay is granted, they will be prevented from developing property that has been repeatedly deemed to be theirs, first in the state courts and most recently by this Court's order granting summary judgment. Defs.' Mem. in Opp'n at 7. They also contend that any further delay preventing them from developing the Property exacerbates and adds to the damage already done over the course of more than twenty years. *Id.* Plaintiff does not respond to these contentions or otherwise address this factor in her motion or accompanying memorandum.

The Court finds Defendants' grievances to be well-founded. Having recently prevailed on their motion for summary judgment, further clearing their title to the land, Defendants understandably wish to develop the Property as soon as possible. Though any additional delay that Defendants face if forced to wait until Plaintiff has exhausted her appeals to develop the Property may be slight compared to what they have already endured, it is additional unwarranted

9

delay nonetheless. Accordingly, the Court finds that Defendants have offered an explanation as to why "issuance of the stay will substantially injure the other parties interested in the proceeding" and Plaintiff has done nothing to disprove such a finding.

### iv. Public interest

The final *Hilton* factor is a consideration of "where the public interest lies." *Hilton*, 481 U.S. at 776. Defendants argue that a stay would provide Davis and Reels with "further license to violate existing court orders." Defs.' Mem. in Opp'n at 8. In support of this statement, they point to this Court's order granting summary judgment and the opinion of the North Carolina Court of Appeals in the 2007 trespass action involving Davis and Reels' right to be on the Property. *Id.* at 2 (citing *Adams Creek v. Davis*, 186 N.C. App. 512 (N.C. Ct. App. 2007)). In response, Plaintiff contends only that "[t]he public interest is served when North Carolina citizens are given equal protection under the law." Pl.'s Mem. in Supp. at 4.

The Court finds that the public's interest in preventing trespass and violation of court orders outweighs what Plaintiff characterizes as a denial of "equal protection." Accordingly, the Court finds that "the public interest lies" with denial of Plaintiff's motion to stay.

None of the four *Hilton* factors weigh in favor of granting Plaintiff's motion and, in addition, the Court finds that there are no other factors unique to this case that would weigh in favor of granting Plaintiff's motion to stay. Accordingly, the Court finds that Plaintiff's motion to stay should be denied.

10

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the motion to stay [DE-72] is **GRANTED**. However, the Court finds no good cause to further delay enforcement of the judgment in this case and thus, Plaintiff's motion to stay [DE-70] is **DENIED**.

IT IS SO ORDERED.

This the 15th day of October, 2010.

DAVID W. DANIEL
United States Magistrate Judge